UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23321-Civ-COOKE

JOSE COLINDRES,

    Plaintiff
vs.

PORT CITY STEAMSHIP SERVICES, INC.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction. (ECF No. 19). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons discussed below, the motion is granted and the Amended Complaint (ECF No. 15) is dismissed without prejudice.

### BACKGROUND[1]

Defendant Port City Steamship Services, Inc. ("Port City Steamship"), is a Michigan corporation that operates the S/S St. Mary's Challenger (the "Vessel") in the Great Lakes of the United States and Canada. Port City Steamship is a member of the American Maritime Association - Great Lakes Division (the "Association"). On or about June 16, 2006, the Association entered into a Great Lakes Standard Freightship Agreement (the "Agreement") with

---

[1] These facts are taken from the Plaintiff's Amended Complaint and from the affidavits of Scott A. Musselman (ECF No. 19-1) and Edward J. Hogan (ECF No. 19-2). *See Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff."); *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010) ("Where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff.").

the Seafarers International Union ("SIU") on behalf of its member companies. The Agreement required Port City Steamship, and other Association members, to fill vacancies for unlicensed positions aboard the Vessel with SIU members.

In August 2010, Port Steamship Services informed SIU of three vacancies aboard the Vessel. SIU posted information regarding the vacancies on a national electronic employment bulletin board. On August 17, 2010, SIU informed Port City Steamship that Plaintiff Jose Colindres ("Colindres"), a Florida resident, qualified for and wanted to apply for the vacant position. After determining that Colindres was indeed qualified, Port City Steamship hired Colindres and made arrangements for him to fly from Ft. Lauderdale, Florida to Chicago, Illinois to board the Vessel.

Colindres boarded the Vessel on August 18, 2010. On or about August 22, 2010, Colindres sustained personal injuries to his back and spine while working aboard the Vessel. Three days later, a Michigan doctor examined Colindres and recommended that he be released from work until his condition improved. In accordance with the terms of the Agreement, Port City Steamship paid Colindres his earned wages and paid for him to return to Florida.

Colindres initiated this action on September 14, 2010 and filed an Amended Complaint against Port City Steamship on November 30, 2010. The Amended Complaint alleges causes of action for Jones Act Negligence (Count I), breach of warranty of seaworthiness (Count II), failure to provide maintenance and cure (Count III), failure to provide prompt, proper and adequate maintenance and cure (Count IV), failure to pay unearned wages (Count V), and failure to pay earned wages and penalties under 46 U.S.C. § 10313 (Count VI). Port City Steamship now moves to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## LEGAL STANDARD

"A plaintiff seeking to exercise the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Solutions Corp. v. Marshall*, 557 F,3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.*

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp.*, 556 F.3d at 1274.

Florida's long-arm statute authorizes the exercise of jurisdiction over a cause of action arising out of "[o]perating, conducting, engaging in, or carrying on a business or business venture " in Florida. Fla. Stat. § 48.193(1)(a) (2010). Florida's long-arm statue also "provides for the assertion of jurisdiction over an out-of-state defendant who commits a tortious act in Florida" or failed to "perform acts required by a contract to be performed" in Florida. *See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1168 (11th Cir. 2005) (citing Fla. Stat. § 48.193(1)(b)); Fla. Stat. § 48.193(1)(g). Florida's long-arm statute can reach a defendant whose tortious act occurred outside of the state but caused injury in Florida. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1216 (11th Cir. 1999).

Even if a defendant is subject to Florida's long-arm statute, personal jurisdiction cannot be exercised over a defendant who does not have sufficient "minimum contacts" with Florida,

such that the maintenance of the suit offends "traditional notions of fair play and substantial justice." *Internet Solutions Corp.*, 557 F.3d at 1296 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 316 (1945)).

The Eleventh Circuit has adopted a three-part test to determine whether the minimum contacts requirement is met.  First, the contacts must relate or give rise to the plaintiff's cause of action.  Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.  Third, the defendant's contacts with the forum state must be such that the defendant should reasonably anticipate being haled into court there.  *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (quotations and citations omitted).

Once it has determined that a nonresident defendant has purposefully established minimum contacts with Florida, a court must determine whether the exercise of personal jurisdiction over the nonresident defendant would offend traditional notions of fair play and substantial justice.  *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990).  In determining whether personal jurisdiction over a defendant would offend notions of fair play and substantial justice, a court must consider the following factors: (1) "the burden on the defendant in defending the lawsuit," (2) "the forum state's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interests of the states in furthering fundamental substantive social policies." *Id.*

### DISCUSSION

***Florida's Long-Arm Jurisdiction***

Colindres claims that Port City Steamship conducted business in Florida, committed a

tortious act in Florida when it failed to provide Colindres with prompt and adequate medical care after he returned to Florida, and breached a contract that was to be performed in when it failed to provide Colindres with contractual maintenance and unearned wages.  The record reflects that Port City Steamship does not operate any vessels in Florida, is not registered to do business in Florida, and has no property, offices, or employees in Florida.  The record further reflects that the alleged tortious act giving rise to Colindres' cause of action occurred in Michigan.  The Agreement, however, required Port City Steamship to make payments to Colindres in Florida. Thus, Port City Steamship is subject to Florida's long-arm statute.  *See Gilbert v. Herne*, 544 So. 2d 226, 227 (Fla. Dist. Ct. App. 1989) (failure of nonresident to pay not payable in Florida is a "breach of contract in this state" within the meaning of § 48.193(1)(g)).

***Minimal Contacts***

Colindres argues that Port City Steamship has sufficient minimal contacts with Florida to warrant the exercise of jurisdiction.  I disagree.  Aside from defending this lawsuit, Port City Steamship has three contacts with the state of Florida: a phone call to the SIU union hall in Ft. Lauderdale, Florida, an email to an employee of the union hall in Ft. Lauderdale, Florida, and a subsequent telephone call to confirm receipt of the email.  (ECF No. 19-2).  These contacts did not give rise to Colindres' cause of action.  Port City Steamship has not purposefully availed itself of the privilege of conducting business in this state.  Even taking Colindres' allegations as true, there is nothing that can establish that Port City Steamship could reasonably anticipate being haled into court in Florida.  Because Port City Steamship lacks minimum contacts with Florida, there is no need to analyze whether the assertion of personal jurisdiction offends the traditional notions of fair play and substantial justice.  *See Consol. Dev. Corp. v. Sheritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000).  This Court cannot assert personal jurisdiction over Port City

Steamship as such an assertion would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### Conclusion

For the foregoing reasons, I hereby **ORDER and ADJUDGE** that Port City Steamship's Motion to Dismiss (ECF No. 19) is **GRANTED**. The Amended Complaint (ECF No. 15) is **DISMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 15th day of April 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*